IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAISY GASKIN, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| VS. | ) CIVIL ACTION NO._____ |
| | ) |
| WORLD FINANCIAL NETWORK NATIONAL | ) |
| BANK and REBECCA MEADE, | ) |
| | ) |
|     DEFENDANTS. | ) |

### Introduction

1. This is an action brought by the Plaintiff for actual and statutory damages, attorneys' fees, and costs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of Alabama State Law set forth herein.

### Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331; §1332 and §1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides here.

### Factual Allegations

3. The Plaintiff, Daisy Gaskin, is over the age of twenty-one (21), is a citizen of the State of Alabama, and resides in Birmingham, Jefferson County, Alabama.

4. The Defendant, World Financial Network National Bank, a corporation, whose correct corporate status is unknown to Plaintiff at this time, was, in all respects and at all times relevant herein, doing business in the State of Alabama.

5. The Defendant, Rebecca Meade, is believed to be over the age of twenty-one (21), believed to be a citizen of the State of Ohio, and is a debt collector as defined under the FDCPA, 15 U.S.C. §1692a(6).

6. The Defendants are engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and are "debt collectors," as defined by the FDCPA 15 U.S.C. §

1692a(6).

7. The Defendants called and/or communicated with the Plaintiff beginning on or about October 1, 2004 and continuing through this date.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

8. The Plaintiff adopts the averments and allegations of paragraphs 1 through 7 hereinbefore as if fully set forth herein.

9. The Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

10. The Defendants violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendants knew or should have known was inconvenient to the Plaintiff.

11. The Defendants violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in the following ways:

    (A) By using language the natural consequence of which is to abuse the hearer in violation of §1692d(2).

    (C) By repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce her into paying a debt in violation of §1692d(5).

    (D) By failing to make meaningful disclosure of the caller's identity in violation of §1692d(6).

12. The Defendants used false representations and/or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff in violation of §1692e(10).

13. The Defendants violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

14. The Defendants violated §1692f(1) by collecting or attempting to collect an amount which was not authorized by the agreement creating the debt or permitted by law.

15. As a proximate result of the Defendants' actions, the Plaintiff was caused to suffer actual damages for worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish.

## COUNT TWO
## INVASION OF THE RIGHT OF PRIVACY

16. The Plaintiff adopts the averments and allegations of paragraphs 1 through 15 hereinbefore as if fully set forth herein.

17. The Defendants undertook **and or directed** a series of communications to the home of the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were systematic and continuous in number and made in disregard for Plaintiff's right to privacy after repeated requests that the Defendants no longer contact her. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

18. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by various individuals who were the employees of and acting on behalf of the named Defendant.

19. Said communications constitute an unwarranted, and/or the wrongful intrusion into Plaintiff's private activities, as well as intentional intrusion into the Plaintiff's solitude and seclusion.

20. As a proximate consequence of said invasion of the right of privacy, the Defendants have caused the Plaintiff to suffer worry, fright, humiliation, loss of sleep, anxiety, nervousness, physical pain and sickness and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

21. The Plaintiff adopts the averments and allegations of paragraphs 1 through 20 hereinbefore as if fully set forth herein.

22. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

23. The Defendants knew or should have known that said conduct was improper.

24. The Defendants recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

25. The Defendants recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

26. As a result of the Defendants' recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

      WHEREFORE, PREMISES CONSIDERED, Plaintiff, Daisy Gaskin, demands a judgment against Defendants, World Financial Network National Bank and Rebecca Meade, for the following:

- A. Declaratory judgment that Defendants' conduct violated the FDCPA;
- B. Actual damages for violations of the FDCPA;
- C. Statutory damages of $1,000.00 against each Defendant pursuant to 15 U.S.C. § 1692k;
- D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;
- E. Compensatory and punitive damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) on Plaintiff's claims for damages due to the Defendants' invasion of privacy and reckless and wanton training and supervision of employees; and;
- F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
Penny D. Hays (ASB-6309-A63P)
Attorney for Plaintiff

**OF COUNSEL:**
ALABAMA INJURY LAWYERS, P.C.
401 Office Park Drive
Birmingham, AL 35223
(205) 870-9848

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____
Attorney for Plaintiff

**SERVE DEFENDANTS VIA CERTIFIED MAIL AT:**
**World Financial Network National Bank**
**800 TechCenter Dr.**
**Gahanna, OH 43230**

**Rebecca Meade**
**c/o World Financial Network National Bank**
**800 TechCenter Dr.**
**Gahanna, OH 43230**